UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, UNITED STATES OF AMERICA *EX. REL.*, DR. JEFFREY JACOBS<br><br>  Plaintiff,<br><br>  v.<br><br>CDS, P.A. d/b/a POCATELLO WOMEN HEALTH CLINIC; POCATELLO HOSPITAL, LLC d/b/a/ PORTNEUF MEDICAL CENTER, LLC, a Delaware limited liability Company; LHP POCATELLO, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No. 4:14-cv-00301-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants' CDS, P.A. d/b/a Pocatello Women's Health Clinic's (the "Health Clinic") and Pocatello Hospital LLC, d/b/a Portneuf Medical Center, LLC (the "Medical Center") and LHP Pocatello, LLC's ("LHP") Joint Motion to Stay Discovery (Dkt. 28). Pursuant to the Court's discovery dispute procedure outlined in

**MEMORANDUM DECISION AND ORDER - 1**

the Case Management Order, the parties contacted Court staff in attempt to mediate a pending discovery dispute. Unable to resolve the issues, Defendants move to stay discovery. For the reasons set forth below, the Court will deny Defendants' joint motion.

## BACKGROUND

Relator Dr. Jeffrey Jacobs initiated this action on behalf of the United States government pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3724, et seq. Jacobs alleges that Defendants submitted false certifications to the federal government in connection with payments to Medicare and Medicaid. More specifically, Jacobs alleges that Defendants falsely and fraudulently submitted, or caused the submission of, claims for medical services provided to Medicare and Medicaid patients who were referred to the Medical Center by the Health Clinic in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"), and the Stark Law, 42 U.S.C. § 1395nn.

All Defendants have moved to dismiss Jacob's Complaint without leave to amend on the grounds that Jacobs (1) fails to state a viable claim of relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure and (2) fails to plead fraud under False Claims Act with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  The parties' disagree about whether initial disclosures under Rule 26 of the Federal Rules of Civil Procedure must be exchanged and discovery commenced pending a decision on the motions to dismiss.

## ANALYSIS

Federal Rule of Civil Procedure 26(c) governs the granting of a protective order. A party seeking such an order must show "good cause." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Ca. 1990). A party seeking to stay discovery carries an even heavier burden and must make a "strong showing" for why discovery should be denied. *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citing Wright & Miller, Federal Practice and Procedure, § 2035).

Here, Defendants argue that a stay of discovery pending a decision on their motions to dismiss is warranted because the issues raised by Defendants' motions to dismiss speak to the threshold question of the sufficiency of Jacobs' Complaint and do not require factual discovery to resolve. In essence, Defendants have done no more than to argue in conclusory fashion that its motion to dismiss will succeed. This idle speculation does not satisfy Rule 26(c)'s good cause requirement. "The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.C.1937 (2009), has made speedy determinations of cases increasingly more difficult….The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 2:10-CV-01890-GMN, 2012 WL 2327676, at *4 (D. Nev. June 19,

2012). In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. *Gray*, 133 F.R.D. at 40.

Defendants argue, however, that Relator must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). This is true. But it is still not enough to justify a stay of discovery pending a motion to dismiss. Rather, courts have held that "a district court may stay discovery only if it is *convinced* that the plaintiff cannot state a claim for relief." *Howard*, 2012 WL 2327676, at * 1 (emphasis in original) (citing *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D.Nev.1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev.1997)). Other courts within the Ninth Circuit will allow a stay of discovery if, after taking a "preliminary peek at the merits" of a pending motion to dismiss, "there appears to be an *immediate and clear possibility* that [the pending motion to dismiss] will be granted." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000).

The Court has taken a preliminary look at the pending motions to dismiss, and this is not case where the complaint is "glaringly deficient" and "completely wanting." *C.f. Jepson, Inc. v. Makita Corp.,* 34 F.3d 1321, 1327 (7th Cir. 1994). Nor is it a case in which the defendant is not a person for purposes of the FCA as in *Howard.* Instead, this is a run-of-the-mill case involving a standard motion to dismiss under *Twombly* and *Iqbal* and Rule 9(b). Even if the Court grants the motions to dismiss in part, the likelihood is that the Court will also grant leave to amend, as granting leave is a commonplace

**MEMORANDUM DECISION AND ORDER - 4**

response to technical shortcomings in a complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Accordingly, the Court will deny Defendants' motion.

## ORDER

IT IS ORDERED that Defendants' Joint Motion to Stay Discovery (Dkt. 28) is DENIED.

DATED: September 3, 2015

B. Lynn Winmill
Chief Judge
United States District Court